FRANK E. JOHNSON, as a Justice of the Municipal Court of the City of New York, Plaintiff, *v.* EDWARD J. FLYNN, as Secretary of State of the State of New York, Defendant.

Supreme Court, Special Term, Albany County, July 9, 1936.

*Frank E. Johnson,* plaintiff, in person.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor General,* of counsel], for the defendant.

BERGAN, J. The action is for a declaratory judgment which shall define the rights, as between the plaintiff, a justice of the Municipal Court of the City of New York, and other justices similarly situated, and the defendant, as Secretary of State of the State of New York, with respect to the requirements of Judiciary

Law, section 23. This section provides: "A judge of a court of record must, within ten days after he enters on the duties of his office, make and sign a certificate, stating his age, and the time when his official term will expire, either by completion of a full term, or by reason of the disability of age, prescribed in the Constitution." The filing is required to be made in the office of the Secretary of State. No issue of fact is raised by the answer, and the defendant moves for judgment on the pleadings.

The determination of this motion is dependent in part at least upon a construction of the Judiciary Article of the Constitution, as amended in 1925. (N. Y. Const. art. VI.) Section 19 of that article provides: " No person shall hold the office of judge or justice of any court or the office of surrogate longer than until and including the last day of December next after he shall be seventy years of age." If the justices of the Municipal Court of the City of New York are within this constitutional age limitation, they are clearly not only required to file the certificate, but, if they will reach the age of seventy years prior to the expiration of the term of office for which they have been elected, they are required to specify December thirty-first of the year in which they reach such age as the time when their official terms of office will expire.

A determination of their status under the Constitution accordingly seems necessary in this action, even though it be concluded that they must conform with the statute requiring the filing of the certificate without regard to whether they are, or are not, within the scope of the constitutional expression of limitation upon the ages of certain judicial officers, for it must then be determined, as between the parties to this action, what the statement of the certificate to be filed shall be in respect of " the time when his official term will expire."

It follows that, if the age limit of the Constitution applies, the certificate shall state December thirty-first of the year he shall reach seventy and, if the justices of the Municipal Court are excluded from the scope of the age limitation, the certificate shall state the last day of the year concluding the term for which they are elected, disregarding age. The allegations of the complaint and the prayer for relief thus sufficiently raise the question as to what the certificate shall state as well as whether it shall be filed and the answer must be found in a construction of the application to the plaintiff of the provisions of section 19, article VI, of the Constitution.

Another sentence of the same section of the Judiciary Article of the Constitution has been construed by the Court of Appeals as inapplicable to the justices of the Municipal Court of the City of New York. (*Haggerty* v. *City of New York*, 267 N. Y. 252.) The court there had before it the question whether the prohibition

against the diminution of the compensation of judicial officers, found in the first sentence of section 19, protected justices of the Municipal Court. At page 257 it was said: " Therefore, when section 19 of article VI provided for the compensation of judges it had reference to those judges whose office had been created or continued by the article itself."

If the first sentence of the section be thus limited in scope, it seems to me that a similar limitation must be found in the succeeding sentences, including the one providing for the age of retirement of judges. Nothing in the text of the section points to a distinction between the application of its provisions relating to compensation and of its provisions relating to the age of retirement. The words " any court " used in the latter sentence, must be read in the light of the conclusion reached by the Court of Appeals in the *Haggerty* case, that it has application only to those courts created or continued by the Judiciary Article itself.

Prior to the adoption of the present article VI by the people in 1925, the provision limiting the ages of judges was to be found in section 12 of the Judiciary Article, and from the context, and the location of the provision in its relation to the preceding sections, it was quite readily construed as relating only to the judges of those courts created or continued by the Judiciary Article. (See *People ex rel. Lawrence* v. *Mann*, 97 N. Y. 530; *People ex rel. Lent* v. *Carr*, 100 id. 236.) With the adoption of the present Judiciary Article, however, which became effective in 1926, there was a change in the situs of the sentence providing the judicial age limitation, which was set up without other alteration (except to include surrogates) in section 19.

It is cogently urged by the plaintiff that it was the intention of the draftsmen of the revised Judiciary Article, by thus changing the position of the sentence, to enlarge its scope to include judicial offices created by the Legislature in pursuance to constitutional authority as well as those which were expressly the creatures of the Constitution itself. It seems probable that the convention held in 1921 to consider the revision of the Judiciary Article sought to make certain provisions, including those relating to compensation and tenure as affected by age, apply to all courts created by or in pursuance to the Constitution and the resulting symmetry and harmony seem to have been an objective of the convention. Why a text which would have given clear expression to this objective, in view of the previous judicial construction of the identical words, was not devised, has not been made apparent, except perhaps in a tender solicitude of the convention for modes of expression which had long been part of the Constitution. There was the fear, too, that " a change in language might well be construed as some evidence

of a change of intent, and thus create litigation." (Report of the Convention to Legislature, Legis. Doc. 1922, No. 37, p. 9.) But the intent, here at least, was to effect a change in the application. The report at page 29, in discussing the proposed amendments now embodied in section 19, indicates that it was the intention of the draftsman to apply its general provisions to all judges. Under these circumstances, with a change of intent in mind, there seems to have been no necessity for rigid adherence to the former text. The specific insertion of the words " or the office of surrogate," while derived from a then existing constitutional provision found in the former section 15, would seem to suggest limitation rather than enlargement of the scope of the sentence.

The reasons supporting a construction of the section to include the judges of all courts within its scope and thus effectuate what had been the apparent purpose of the convention, are stated for the minority in the Court of Appeals by Judge CROUCH in the dissenting opinion in the *Haggerty* case. The analogy between the question there decided and that raised by this action is so strong that it is not open to the Special Term to reach a different determination in the case at bar.

The conclusion having been reached that the limitation of age found in section 19 is inapplicable to the justices of the Municipal Court, it remains to determine whether they are, notwithstanding, required to file with the Secretary of State the certificate required by Judiciary Law, section 23. There would seem to be no purpose for the filing of the certificate other than an official determination when the term of office of a judge would expire by operation of the constitutional age limit. The expiration of his term otherwise than by such provision is a matter of record or calculation. The statute, however, is broader in terms than the Constitution, and includes all judges of courts of record. The subject is a matter in which the Legislature may exercise a reasonable jurisdiction. Judges of courts affected by the constitutional age limitation, but who, during the terms for which they are elected, will not reach such age, are nevertheless required to file the certificate. The Legislature may also require, I suppose, those judges who are not at all affected by the constitutional age limit to file such a certificate, as well as those whose terms are not presently affected by it.

Judgment should follow that the plaintiff is required to file with the defendant a certificate provided by Judiciary Law, section 23, and to state therein the actual date of the conclusion of the term for which he was elected as the time when his official term expires, irrespective of his age.

No costs.

Submit order.